**CPS INTERNATIONAL, INC. and Creole Production Services, Appellants,**

v.

**HARRIS & WESTMORELAND, Appellee.**

**No. 9785.**

Court of Appeals of Texas, Texarkana.

Jan. 23, 1990.

Richard L. Flowers, Jr., Donna Cywinski, McKenna & Cywinski, Houston, for appellant.

H. Fred Cook, Weycer, Kaplan, Pulaski & Zuber, Houston, for appellee.

GRANT, Justice.

CPS International, Inc. and Creole Production Services appeal from the granting of a judgment non obstante veredicto for attorney's fees to the law firm of Harris & Westmoreland. The firm sued CPS and Creole for attorney's fees for services in a case styled *CPS International, Inc. v. Dresser Industries, Inc.*

CPS and Creole contend that the trial court erred in granting Harris & Westmoreland's motion for judgment n.o.v., in excluding evidence of Harris & Westmoreland's failure to comply with discovery requests in the *Dresser* case, in restricting the scope of cross-examination, and in failing to condition the award properly to Harris & Westmoreland for attorney's fees on appeal.

Harris & Westmoreland filed suit against CPS and Creole for attorney's fees after Harris & Westmoreland had filed a motion for leave to withdraw from the *Dresser* case and the motion had been granted. CPS and Creole had refused to pay the balance of $31,089.98 which Harris & Westmoreland contended was owed them for legal services. The jury awarded Harris & Westmoreland $18,500 in attorney's fees for work on the *Dresser* case, $5,400 in attorney's fees for trial in this case, $3,000 in attorney's fees if the case is appealed to the Texas Court of Appeals, $2,000 in attorney's fees if an application for writ of error is made to the Texas Supreme Court, and $2,000 in attorney's fees if the writ of error is granted. Harris & Westmoreland then filed a motion for judgment n.o.v. which the trial court granted. The judgment n.o.v. awarded Harris & Westmoreland $31,089.98 for attorney's fees in the *Dresser* case, $7,000 for attorney's fees for the present case, $3,500 in the event that CPS and Creole appeal to the Court of Appeals, $2,000 if CPS and Creole file an application for writ of error with the Texas Supreme Court, and $2,000 if the writ of error is granted.

A judgment n.o.v. may be granted in any situation where a directed verdict could have been properly granted at the close of evidence. Tex.R.Civ.P. 301. The

purpose of a motion for judgment n.o.v. is to enable a trial court to enter judgment where a directed verdict would have been proper. *McCay v. Brown*, 483 S.W.2d 705 (Tex.Civ.App.–Waco 1972, writ dism'd). A motion for judgment n.o.v. and the judgment rendered must be predicated on either the presence of conclusive evidence which entitles the moving party to judgment as a matter of law or on the absence of any evidence of probative force to support an issue that the opposing party must prove in order to prevail. *Dittberner v. Bell*, 558 S.W.2d 527 (Tex.Civ.App.–Amarillo 1977, writ ref'd n.r.e.). A plaintiff is not entitled to judgment n.o.v. unless facts are conclusively established in plaintiff's favor. *Morris v. Brown*, 337 S.W.2d 759 (Tex.Civ. App.–Eastland 1960, no writ).

■ A judgment n.o.v. cannot be granted on the basis of no evidence in favor of a party who has the burden of proof. A party having the burden of proof who is complaining about a jury's answer by a motion for judgment n.o.v. must do so on the basis that it is entitled to such an answer as a matter of law. *See* Cornelius, *Appellate Review of Sufficiency Of the Evidence Challenges In Civil and Criminal Cases*, 46 Tex.B.J. 439 (1983). The gist of Harris & Westmoreland's argument for seeking a judgment n.o.v. was that the jury did not award them the amount of attorney's fees which they were seeking.

■ On motion for judgment n.o.v., all evidence must be considered in a light most favorable to support the jury verdict, every reasonable intendment deducible from the evidence is to be indulged in favor of the verdict, and only evidence and inferences that support the jury finding should be considered with all contrary evidence and inferences being rejected. *Dodd v. Texas Farm Products Co.*, 576 S.W.2d 812 (Tex. 1979); Tex.R.Civ.P. 301.

■ CPS and Creole contend that the jury is the ultimate factfinder in determining the reasonable value of the services rendered and that the jury may consider various factors in determining the reasonable value of the services. The general rule is that it is the province of the jury to determine the reasonable value of the attorney's services and that the jury may take into consideration facts before them in relation to services rendered, as well as the estimated value of the services. *Gulf Paving Co. v. Lofstedt*, 144 Tex. 17, 188 S.W.2d 155 (1945). In deciding a reasonable value of legal services, the factfinder may properly consider the time and labor involved, the nature and complexities of the case, the amount of money or the value of the property or interests involved, the extent of the responsibilities assumed by the attorney, whether other employment is lost by the attorney because of the undertaking, the benefits resulting to the client from the services, the contingency or certainty of compensation, and whether the employment is casual or for an established or constant client. *Braswell v. Braswell*, 476 S.W.2d 444 (Tex.Civ.App.–Waco 1972, writ dism'd). The testimony of expert witnesses regarding attorney's fees is not conclusive. It is the province of the jury to weigh testimony of the attorneys as to the value of the services by reference to their nature, as to the time occupied in their performance and other attending circumstances, and by applying their own experience and knowledge of the character of such services. *Gulf Paving Co. v. Lofstedt*, 188 S.W.2d 155.

Paul E. Harris, a member of the law firm of Harris & Westmoreland, testified as to the type of work required in the *Dresser* case and as to the method used to determine the amount of attorney's fees, which he described as having been based upon the value of services rendered. Harris testified that in a conference held at the end of each month, the attorneys of his law firm review the work that was done in each case and determine a fair fee for both the client and the firm. Harris further testified that the factors used in determining a fair and reasonable fee are those expressed in the canons of professional ethics.* He testi-

* Harris & Westmoreland does not state the factors listed under the canons of professional

conduct. The Texas Code of Professional Re-

fied that the fees charged to CPS and Creole were fair and reasonable.

■ Harris & Westmoreland contends that CPS's and Creole's failure to contradict Harris's expert testimony constitutes corroboration of the testimony regarding reasonable attorney's fees. The general rule is that evidence given by an interested witness or party cannot be the basis of an instructed verdict. *Collora v. Navarro,* 574 S.W.2d 65 (Tex.1978). As we stated earlier, a judgment n.o.v. is proper where a directed verdict would have been proper. An exception to the general rule is made when an opposing party has the means and opportunity of disproving testimony or testing the credibility of the witness but fails to avail himself of it. The application of this rule must turn on the facts of each case. *Collora v. Navarro,* 574 S.W.2d 65. In the *Collora* case, the Supreme Court cites 3 R. McDonald, *Texas Civil Practice in District and County Courts* § 11.28.6 at 209 (rev.1983), which states the following:

> But the testimony of an interested party or witness is not wholly without probative force. An instructed verdict based thereon favorable to the party with whom the witness is identified is proper when the testimony pertains to matters reasonably capable of exact statement, and is clear, direct and positive, is internally devoid of inconsistencies and contradictions, and is uncontradicted either by the testimony of other witnesses or by circumstances—in short, when there is nothing to cause any reasonable suspicion as to its truth.

■ On cross-examination, Harris testified that the firm kept no time records. Harris could not give an opinion on the specific value of itemized work in the invoices presented to CPS and Creole. Harris could not determine how many staff conferences were conducted or how much time was spent in conference on the *Dresser* case, nor could he testify as to the specific cost of research or how much time was spent on research for the case. The attorneys who replaced Harris & Westmoreland in representing CPS and Creole in the *Dresser* case, Rufus Wallingford and Richard L. Flowers, Jr., testified that CPS and Creole did not meet their discovery obligations to produce documents while represented by Harris & Westmoreland, that discovery was in total disarray, and that when they took over the case they had no trouble producing the documents required for discovery.

Considering the matters brought out by cross-examination as well as the testimony of Wallingford and Flowers, we do not find that the testimony concerning attorney's fees provides the exactitude and the clear, direct and positive evidence required for an instructed verdict or a judgment n.o.v.

■ Where on appeal the appellate court determines that judgment n.o.v. was erroneously entered, the court must reverse the judgment of the trial court and enter judgment in harmony with the verdict, unless appellee's cross-points are sufficient to vitiate the jury's verdict. *Jackson v. Ewton,* 411 S.W.2d 715 (Tex.1967); *Youth Camp, Inc. v. Comfort Ind. Sch. Dist.,* 705 S.W.2d 333 (Tex.App.–San Antonio 1986, no writ); *Gonzales v. Southwestern Bell Telephone*

sponsibility DR 2–106(B) lists the factors in determining reasonableness of a fee:

> (B) A fee is clearly excessive when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee. Factors to be considered as guides in determining the reasonableness of a fee include the following:
>
> (1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
>
> (2) The likelihood, if apparent to the client, that the acceptance of the particular employ-

ment will preclude other employment by the lawyer.

> (3) The fee customarily charged in the locality for similar legal services.
>
> (4) The amount involved and the results obtained.
>
> (5) The time limitations imposed by the client or by the circumstances.
>
> (6) The nature and length of the professional relationship with the client.
>
> (7) The experience, reputation, and ability of the lawyer or lawyers performing the services.
>
> (8) Whether the fee is fixed or contingent.

*Co.,* 555 S.W.2d 219 (Tex.Civ.App.–Corpus Christi 1977, no writ).

■ Harris & Westmoreland contend in a reply point that the jury verdict was so against the great weight and preponderance of the evidence as to be manifestly unjust. Harris & Westmoreland should have brought its contentions by cross-points. Rule 324(c) of the Texas Rules of Civil Procedure provides that:

> When judgment is rendered non obstante veredicto ... the appellee may bring forward by cross-point contained in his brief filed in the Court of Appeals any ground which would have vitiated the verdict or would have prevented an affirmance of the judgment had one been rendered by the trial court in harmony with the verdict, including although not limited to the ground that one or more of the jury's findings have insufficient support in the evidence or are against the overwhelming preponderance of the evidence as a matter of fact, and the ground that the verdict and judgment based thereon should be set aside because of improper argument of counsel.
>
> The failure to bring forward by cross-points such grounds as would vitiate the verdict shall be deemed a waiver thereof. . . .

■ CPS and Creole also contend that the trial court erred in granting the judgment n.o.v. which increased to $7,000 the jury's finding of $5,400 as reasonable attorney's fees for services in the present case. The same legal principles applied to attorney's fees in the *Dresser* case will apply to attorney's fees in the present case. H. Fred Cook, attorney for Harris & Westmoreland in the present case, testified that he had spent approximately twenty-five hours preparing for trial, that his hourly rate was $125 when he started and that it became $135 per hour as of the time of trial. He further testified that in his experience the necessary and reasonable fee for this case was $7,000. As we have previously stated, the testimony of an expert witness regarding attorney's fees is not conclusive. Since Cook did not offer evidence of the exact number of hours, the jury could have arrived at a different amount using his hourly rate. We do not think that his testimony offered such exactness as to entitle Harris & Westmoreland to a judgment n.o.v.

CPS and Creole contend that the trial court erred in restricting the scope of cross-examination to matters covered on direct examination. On cross-examination, CPS and Creole sought to elicit from Harris the names of people who performed tasks listed on the bill for legal services and how much time was spent on each item. The question was objected to, and the objection was sustained. CPS and Creole then asked the same question and the objection was overruled. CPS and Creole were not precluded from introducing or offering the evidence on the grounds claimed.

■ CPS and Creole also argue that the trial court improperly cut off cross-examination, causing relevant probative evidence to be excluded.

> Q And does your firm, when it bills clients, does it show the entry, the task that the lawyer did?
>
> THE COURT: Excuse me, counsel. I am going to cut you short. You are restricted to cross-examination regarding his attorney fees. You are not to go into the merits of your case. Only on attorney's fees only.

It appears that this question did relate to attorney's fees. Furthermore, limits on the cross-examination of a witness lack support in Texas law. This State has long followed the so-called English rule which permits cross-examination of a witness to extend to every issue in the case, regardless of the scope of direct examination. One may cross-examine as to all phases of the case and is not limited to matters raised on direct examination. *Continental Casualty Co. v. Thomas,* 463 S.W.2d 501 (Tex. Civ.App.–Beaumont 1971, no writ). However, pursuant to Rule 52 of the Texas Rules of Appellate Procedure, CPS and Creole did not preserve their complaint for appeal because CPS and Creole failed to object to the court's ruling.

■ CPS and Creole contend that the trial court erred in failing to condition the award of attorney's fees on appeal to Harris & Westmoreland on CPS's and Creole's unsuccessful appeal. A trial court's award of attorney's fees may include appellate attorney's fees, but it may not penalize a party for taking a successful appeal by taxing that party with attorney's fees. An unconditional award of appellate attorney's fees is improper, and the trial court must therefore condition the award of attorney's fees to an appellee upon the appellant's unsuccessful appeal. *Siegler v. Williams*, 658 S.W.2d 236 (Tex.App.–Houston [1st Dist.] 1983, no writ). In the present case, the trial court erred by not so conditioning the award of appellate attorney's fees. This error can be corrected by reforming the judgment without the necessity of sending the case back to the trial court.

CPS and Creole contend that the trial court erred in excluding evidence of the effect of Harris & Westmoreland's noncompliance with discovery requests, in excluding evidence that CPS and Creole were sanctioned $1,500 for Harris & Westmoreland's failure to comply with discovery requests, and in excluding Wallingford's testimony that he had to repeat work that should have been completed by Harris & Westmoreland in the *Dresser* case because the testimony was relevant to the issue of the reasonable value of legal services.

Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Tex.R.Civ.Evid. 401. Any evidence is relevant and material if it tends to prove or disprove any material fact involved in the issue or the question being tried. *Lone Star Gas Co. v. State*, 137 Tex. 279, 153 S.W.2d 681 (1941).

■ Harris & Westmoreland argues that the introduction of evidence into the present case about noncompliance with discovery requests and sanctions for failure to comply with discovery requests in the *Dresser* case is in the nature of a setoff. CPS and Creole offered the evidence not to show setoff but rather to show that Harris & Westmoreland had failed to do the work properly for which they had billed; thus, the value of services rendered was not the amount claimed. A setoff brings together the obligations of opposing parties to each other and, by judicial action of the court, makes each obligation extinguish the other. The object of a setoff is to adjust the indebtedness between the parties and allow recovery of only the balance that is due. *Nalle v. Harrell*, 118 Tex. 149, 12 S.W.2d 550 (Tex.Comm'n App.1929, judgm't adopted).

■ The issue in this case is whether Harris & Westmoreland's legal fees were reasonable. Evidence that Harris & Westmoreland failed to do properly the work for which they billed the client was relevant and admissible, and its sufficiency or probative effect becomes a question for the jury. *Meredith v. Eddy*, 616 S.W.2d 235 (Tex.Civ.App.–Houston [1st Dist.] 1981, no writ). The trial court erred in excluding this evidence.

■ Pursuant to Rule 81(b)(1) of the Texas Rules of Appellate Procedure, the reversal of a judgment is not justified unless the error is calculated to cause and probably did cause the rendition of an improper judgment. *Little v. Alto Ind. Sch. Dist. of Alto, Cherokee County*, 513 S.W.2d 886 (Tex.Civ.App.–Tyler 1974, writ dism'd).

■ The trial court excluded evidence concerning the sanction which was imposed because of the failure to comply with discovery requests in the *Dresser* case, and also improperly excluded certain other evidence showing that the new attorneys had to repeat work that should have been done by Harris & Westmoreland. Evidence was admitted, however, from Wallingford and Flowers that CPS and Creole did not meet its discovery obligations while represented by Harris & Westmoreland and that discovery was in total disarray when Wallingford and Flowers took over that representation. Thus, the evidence that was admitted was sufficient to communicate to the jury the opinion of Wallingford and Flow-

ers that Harris & Westmoreland had failed to properly perform legal services related to discovery. Having viewed the entire record, we do not find that reversal of the judgment is justified on the basis of this error, because we do not find that it was calculated to cause and probably did cause the rendition of an improper judgment.

The judgment of the trial court is reversed and reformed to harmonize it with the jury's verdict awarding Harris & Westmoreland $18,500 in attorney's fees, plus prejudgment interest for work on the *Dresser* case, and $5,400 in attorney's fees for trial in the present case. Since Harris & Westmoreland did not prevail on appeal, it is not entitled to attorney's fees for the appellate work, and the judgment is reformed to delete that award.