**Clyde CROUCH, et al., Appellants,**

v.

**TENNECO, INC., et al., Appellees.**

**No. 10–92–120–CV.**

Court of Appeals of Texas, Waco.

March 24, 1993.

Opinion Denying Rehearing May 19, 1993.

Charles G. King, James P. Pennington, Scott, Douglas & Luton, L.L.P., Houston, for appellants.

Roger Townsend, Jennifer Bruch Hogan, Joy M. Soloway, Fulbright & Jaworski, Houston, Matt Dawson, Dawson, Sodd,

Moe & Means, P.C., Corsicana, for appellees.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

VANCE, Justice.

Fourteen of three hundred fifty-five plaintiffs appeal from a judgment approving a settlement in a class-action suit and awarding $6,425,000 in attorney's fees to class counsel. The lawsuit involves a dispute between Tenneco and its employees who were qualified participants of a bonus plan. The class action was settled through mediation approximately ten and one-half months after being filed, creating a common fund of $22.5 million, from which the attorney's fee award was deducted. From a review of the entire record, we find no abuse of discretion by the trial court in either the method it used to compute the award or in the amount it awarded. We will affirm the judgment.

## FACTUAL BACKGROUND

Tenneco, Inc. announced in the spring of 1988 its decision to sell its oil and gas operations, which had been conducted through a subsidiary, Tenneco Oil Company. To retain 385 key employees involved with those operations until the sale was complete, Tenneco offered what it called a Value Incentive Plan—a bonus designed to induce those employees to continue working. According to the Plan, eligible employees were to be paid bonuses based on the sales proceeds received for the sale of the "total company." However, prior to the sale of the oil and gas operations, Tenneco, Inc., its subsidiaries, and other named defendants took actions which substantially reduced the value of the oil and gas assets, thereby reducing the bonuses due the participants of the Plan.

In 1989, a Louisiana law firm (the Perret firm) filed suit against Tenneco, Inc. in Louisiana on behalf of several of the Plan participants. This suit eventually included more than one-hundred plaintiffs. In July 1989, a similar lawsuit (the Ausburger suit)

was filed in the 11th Judicial District Court in Harris County by two Houston firms. In mid-December 1990, after the Louisiana lawsuit stalled, the Perret firm approached the law firm of Hardy, Milutin and Johns (the Hardy firm) to discuss the possibility of filing a class-action suit in Texas on behalf of the Plan participants. The Perret and Hardy firms reached an agreement that authorized the Hardy firm to file a class-action suit in Wharton County on behalf of Charles A. Mills and seven others, individually and as representatives of a class of persons (the Mills Class) who were qualified participants in the Plan. The petition filed in the Mills class action alleged generally the same causes of action as had been asserted in the Ausburger and Louisiana suits.

In March 1991, by an agreed order transferring venue, the Mills Class suit was transferred to the 55th Judicial District Court of Harris County. The Louisiana plaintiffs had already agreed to join the class action. On May 15, the Ausburger suit and the Mills Class suit were consolidated in the 11th Judicial District Court of Harris County. The consolidated suit involved more than 300 Tenneco, Inc. employees.

In October 1991, the parties to the consolidated action entered non-binding mediation which resulted in a $45 million settlement, to be split equally between the Mills Class plaintiffs and the Ausburger plaintiffs. The attorneys for the Mills Class requested $7.5 million in attorney's fees, to be split equally between the Hardy and Perret firms. At the hearing on approval of the settlement, fifty-five class members objected to the attorney's fees sought. The trial court entered a final judgment on December 9 approving the settlement and awarding $6,425,000 in attorney's fees. Appellants perfected their appeal of the amount of attorney's fees, attacking the award in nine points asserting that:

- the court erred in awarding unreasonable and excessive attorney's fees;

- the evidence is legally and factually insufficient to support the award;

- the award is against the great weight and preponderance of the evidence;
- the court abused its discretion in awarding a larger fee than requested;
- the court erred in not using the "lodestar method" to compute the amount of fees awarded to the Hardy firm;
- the court erred in awarding fees to an out-of-state firm which was never authorized to act as class counsel and whose lawyers were not authorized to practice in Texas; and
- the court erred in refusing to file findings of fact and conclusions of law.

## THE STANDARD OF REVIEW

We will first address the standard of review by which we are bound on the case in its entirety. Approval of settlements in class actions is left to the sound discretion of the trial court, and the decision to approve a settlement will not be disturbed on appeal absent an abuse of that discretion. *Ball v. Farm & Home Sav. Ass'n,* 747 S.W.2d 420, 423 (Tex. App.—Fort Worth 1988, writ denied); *Shebay v. Davis,* 717 S.W.2d 678, 681 (Tex. App.—El Paso 1986, no writ). Generally, court-ordered awards of attorney's fees, as opposed to attorney's fees assessed as damages against a losing party, are reviewed solely for an abuse of discretion. *See e.g., Simon v. York Crane & Rigging Co. Inc.,* 739 S.W.2d 793, 794 (Tex.1987); *Valley Coca-Cola Bottling v. Molina,* 818 S.W.2d 146, 148 (Tex.App.—Corpus Christi 1991, writ denied). Thus, when a settlement of a class-action suit results in recovery of a common fund, the amount of attorneys fees to be awarded from the fund is within the discretion of the court. The burden of proving an abuse of discretion lies with the opponent of the settlement. *Ball,* 747 S.W.2d at 423. An abuse of discretion implies more than an error in judgment. *Id.* It must be an arbitrary and unreasonable action by the trial court. *Smithson v. Cessna Aircraft Co.,* 665 S.W.2d 439, 443 (Tex.1984); *Landry v. Travelers Insurance Company,* 458 S.W.2d 649, 651 (Tex.1970). Stated another way: Did the court act without reference to any guiding principles? *Craddock v. Sunshine Bus Lines,* 134 Tex. 388, 133 S.W.2d 124, 126 (1939); *Landon v. Jean-Paul Budinger, Inc.,* 724 S.W.2d 931, 934–37 (Tex.App.—Austin 1987, no writ). The mere fact that an appellate court might have decided a matter within the trial court's discretion in a different manner does not demonstrate that an abuse of discretion has occurred. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 242 (Tex.1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986); *Southwestern Bell Telephone Company v. Johnson,* 389 S.W.2d 645, 648 (Tex.1965); *Jones v. Strayhorn,* 159 Tex. 421, 321 S.W.2d 290, 295 (1959). With respect to resolution of factual issues, the reviewing court may not substitute its judgment for that of the trial court. *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992).

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

In point nine, Appellants complain of the court's failure to make findings of fact and conclusions of law. Because the correct standard of review in this case is whether the court abused its discretion, which does not encompass a review of the legal and factual sufficiency of the evidence, findings and conclusions of the trial court are not required. *See Chrysler Corp. v. Blackmon,* 841 S.W.2d 844, 853 (Tex.1992). Although findings and conclusions can be "helpful" in assisting an appellate court in determining whether the trial court exercised its discretion in a reasonable and principled fashion, we do not evaluate the trial court's action in this instance with reference to the sufficiency of the evidence to support its findings. *See id.; TransAmerican Natural Gas Corp. v. Powell,* 811 S.W.2d 913, 919 n. 9 (Tex.1991 (orig. proceeding); *Fidelity & Guar. Co. v. Rossa,* 830 S.W.2d 668, 672 (Tex.App.—Waco 1992, writ denied). Moreover, although the trial court declined to file findings and conclusions in this case, it did state on the record its reasons for its ruling, and the record on appeal includes the complete statement of facts from the hear-

ing on the attorney's fees award. *See Sheldon Pollack Corp. v. Pioneer Concrete,* 765 S.W.2d 843, 845 (Tex.App.—Dallas 1989, writ denied). Therefore, because we determine that the applicable standard of review is abuse of discretion, we overrule point nine.

## METHOD OF DETERMINING ATTORNEY'S FEES AWARD

■ We must now decide, using the applicable standard of review, whether the trial court abused its discretion in using the "percentage-of-the-common-fund method" in computing the attorney's fees awarded to class counsel.[1] The court acknowledged at the time it announced and explained its ruling on the record that it had employed the common-fund method in arriving at the amount of $6,425,000 in fees to be awarded to class counsel. The common-fund method has been recognized in Texas and elsewhere, particularly in Federal jurisdictions. *E.g., Knebel v. Capital National Bank in Austin,* 518 S.W.2d 795, 799 (Tex.1974); *City of Dallas v. Arnett,* 762 S.W.2d 942, 954 (Tex.App.—Dallas 1988, writ denied). Under the common-fund method, the court in the exercise of its equitable jurisdiction may award a reasonable fee out of the common fund to the attorney who maintained the suit which created the fund. *In Re Terra–Drill Partnerships Securities Litigation,* 733 F.Supp. 1127, 1129 (S.D.Tex.1990). The equitable objective of the common-fund method is to distribute the burden of expenses, including attorney's fees, among those who share in a common benefit. *Id.* Thus, because the method is recognized as a way of determining attorney's fees in common-fund cases, the trial court did not abuse its discretion in using it to compute the award of attorney's fees to class counsel. Point six is overruled.

1. The court awarded the Louisiana firm no more than $800,000 out of the total amount awarded to class counsel, an amount determined using the lodestar method. Under the lodestar method, the court must first determine the number of hours reasonably spent by class counsel on the matter, then multiply those hours by an hourly rate the court deems reason-

## AMOUNT OF ATTORNEY'S FEES

■ We will next address together the points complaining of the propriety of the amount of the award. Because an award of attorney's fees from a common fund necessarily reduces the amount of money that the class will receive, a potential conflict exists between the interests of the attorney and the class. *City of Dallas,* 762 S.W.2d at 956. Regardless of the method used by the trial court in determining the amount of attorney's fees to be awarded, any award must meet the standard of reasonableness. *CPS Intern. v. Harris & Westmoreland,* 784 S.W.2d 538, 541 (Tex. App.—Texarkana 1990, no writ); *Braswell v. Braswell,* 476 S.W.2d 444, 446 (Tex.Civ. App.—Waco 1972, writ dism'd). The reasonableness standard to which the trial court must adhere encompasses the court's obligation to protect the rights of the class and to avoid awarding "windfall" fees to attorneys. *Id.*

■ Under the common-fund method of awarding attorney's fees, an evaluation of the hours worked is only one consideration. Hardy testified that his firm accrued approximately 2,000 hours on the case and that he hired additional attorneys to handle the firm's normal work load. Another important factor to be considered in a common-fund case is the benefit secured for the class as a result of the attorney's efforts. *In re Terra–Drill,* 733 F.Supp. at 1127. Other pertinent factors of which evidence is contained in the record and which the trial court took into account are:

- the nature and complexity of the issues involved—those surrounding the sale of the Tenneco Oil Company;
- the amount of money or the value of the property or interest involved;
- the extent of responsibility assumed by the Hardy firm—when Hardy took

able for similarly complex, non-contingent work. *City of Dallas v. Arnett,* 762 S.W.2d 942, 956 (Tex.App.—Dallas 1988, writ denied). That lodestar figure may then be adjusted upward or downward for certain factors known as multipliers, such as the complexity of the case, skill of the attorney, and contingent nature of the fee.

over the case, it had been virtually stalled in Louisiana and relatively little progress had been made in developing the issues; Hardy agreed to take the case upon extremely short notice, three days before limitations ran;

- the contingent nature of the compensation agreement;
- other prominent attorneys had refused to take the case;
- the result attained—attorneys who testified stated that the settlement achieved by the Hardy firm was "magnificent."

See *CPS Intern.*, 784 S.W.2d at 541; *Braswell*, 476 S.W.2d at 446.

Appellants argue that the testimony of their expert, Professor Schuwerk, was conclusive evidence that the lodestar method should have been employed and that the trial court was without discretion to accept his testimony as anything less than conclusive. We disagree. The testimony of expert witnesses regarding attorney's fees is not conclusive. *Gulf Paving Co. v. Lofstedt*, 144 Tex. 17, 188 S.W.2d 155, 161 (1945); *CPS Intern.*, 784 S.W.2d at 541. The record contains testimony from more than one qualified attorney that a fee of one-third of the common fund was a reasonable fee in this case, particularly in light of the result obtained for the plaintiffs. Indeed, the Ausburger plaintiffs had agreed to a one-third fee. Even after deducting the $6.425 million award for attorney's fees and expenses, each class member will recover more than one-and-a-half times the maximum bonus amount he would have received under the Value Incentive Plan. Again, with respect to resolution of factual issues, we do not substitute our judgment for that of the trial court, and the trial court was not bound by Professor Schuwerk's testimony. *See Walker*, 827 S.W.2d at 839; *CPS Intern.*, 784 S.W.2d at 541. A review of the entire record convinces us that the trial court's award, which was approximately 28.5% of the total settlement including expenses, was well within the court's discretion. We overrule points one, six, and seven.

## FEE LARGER THAN REQUESTED

Appellants complain that the court's award will result in the Hardy firm receiving a larger fee than it had requested. The record reflects that the Hardy firm sought one-third of the settlement, $7.5 million, which it and the Perret firm had already agreed to split equally. Thus, the Hardy firm had actually requested that it receive $3.75 million in fees. However, as stated above, the court limited the Perret firm's recovery to $800,000, to be paid out of the total fee award. For the reasons set forth above concerning the determination of reasonableness of the total fee actually awarded to class counsel as being within the court's discretion, we disagree with Appellants' contention that the court erred in awarding a larger amount than requested. We overrule point five.

## LEGAL AND FACTUAL SUFFICIENCY POINTS

As already stated, because the standard of review in a case involving the approval of a settlement is abuse of discretion, Appellants' legal and factual sufficiency challenges to the evidence supporting the amount of the award will not be addressed. *See Chrysler Corp.*, 841 S.W.2d at 853. Points two, three, and four are overruled.

## FEES TO THE PERRET FIRM

In point eight, Appellants assert that the court erred in awarding any fee to the Perret firm because that firm's attorneys were not authorized to practice law in Texas and because that firm was never authorized to act as class counsel. Because Appellants never raised this complaint about the apportionment of the fees in the trial court, they have waived this point on appeal. *See* Tex.R.App.P. 52(a). In any event, Texas law has allowed out-of-state attorneys to be compensated for assisting Texas attorneys in lawsuits. *In re Terra–Drill*, 733 F.Supp. at 1127. The trial court did not abuse its discretion in directing that $800,000 of the amount of attorney's fees be paid to the Perret firm. Point eight is overruled.

We affirm the judgment of the trial court.

## OPINION ON REHEARING

Two of the original Appellants, Deborah M. Lewis and G.S. Parker, have notified us that they no longer wish to prosecute their appeal and are not participating in the motion for rehearing. No action by this court is required. Appellant Richard Mowrer's motion to dismiss his appeal is granted.

Notwithstanding a vigorous motion for rehearing filed on behalf of the remaining Appellants, we continue to believe that the review of a trial court's action in awarding attorney's fees as part of the settlement of a class-action suit is reviewable under an abuse-of-discretion standard. *See Landon v. Jean–Paul Budinger, Inc.,* 724 S.W.2d 931, 934 (Tex.App.—Austin 1987, no writ) (citing *Oake v. Collin County,* 692 S.W.2d 454, 455 (Tex.1985)). Our holding follows the general rule that the amount of attorney's fees to be awarded is within the discretion of the trial court and will not be disturbed on appeal unless an abuse of that discretion is shown. *See Pontiac v. Elliott,* 775 S.W.2d 395, 401 (Tex.App.—Houston [1st Dist.] 1989, writ denied) (DTPA case); *Gonzalez v. Nielson,* 770 S.W.2d 99, 102–03 (Tex.App.—Corpus Christi 1989, writ denied) (suit on promissory note; review of legal and factual sufficiency rejected in favor of abuse-of-discretion review); *Travelers Ins. Co. v. Brown,* 750 S.W.2d 916, 918–19 (Tex.App.—Amarillo 1988, writ denied) (suit for medical expense reimbursement); *Brazos County Water Control v. Salvaggio,* 698 S.W.2d 173, 177–78 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.) (attorney's fees awarded after condemnation suit dismissed); *City of Houston v. Blackbird,* 658 S.W.2d 269, 274 (Tex.App.—Houston [1st Dist.] 1983, writ dism'd) (when evidence supports trial court's allowance of attorney's fees, no abuse of discretion shown); *Houston Lighting & Power Co. v. Dickinson Independent School Dist.,* 641 S.W.2d 302, 311 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.) (dispute over tax assessment).

 The determination of whether a court abused its discretion is a question of law. *Jackson v. Van Winkle,* 660 S.W.2d 807, 810 (Tex.1983). Deciding that abuse of discretion is the proper standard of review carries with it the decision of other appellate issues, *i.e.,* that the entire record—rather than the "evidence"—is the proper scope of review,[1] that any factual issues decided by the court in reaching the decision under review are not reviewed by legal- and factual-sufficiency standards,[2] and that findings of fact and conclusions of law, while "helpful," are not required.[3] Thus, we recognize that if we are wrong about the standard of review, then we are wrong about the trial judge's refusal to make findings of facts and conclusions of law and about the lack of necessity for addressing Appellants' legal- and factual-sufficiency points.

Appellants' motion for rehearing is denied.

---

1. *Simon v. York Crane & Rigging Co., Inc.,* 739 S.W.2d 793, 795 (Tex.1987) ("An appellate court may reverse a trial court for abuse of discretion only if, *after searching the record,* it is clear that the trial court's decision was arbitrary and unreasonable."); *Brazos County Water Control v. Salvaggio,* 698 S.W.2d 173, 177 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.). Although some decisions require "evidence" to establish the facts necessary to a determination of the matter within the court's discretion, other decisions require no evidentiary record at all. *Landon v. Jean–Paul Budinger, Inc.,* 724 S.W.2d 931, 938–39 (Tex.App.—Austin 1987, no writ).

2. Although when the decision under review is based on facts determined by the court, those facts must have some support in the evidence. *E.g., Valley Coca–Cola Bottling v. Molina,* 818 S.W.2d 146, 149 (Tex.App.—Corpus Christi 1991, writ denied); *Gonzalez v. Nielson,* 770 S.W.2d 99, 103 (Tex.App.—Corpus Christi 1989, writ denied); *Grubaugh v. Texas Employers' Ins. Assn.,* 677 S.W.2d 812, 814 (Tex.App.—Fort Worth 1984, writ dism'd).

3. *TransAmerican Natural Gas v. Powell,* 811 S.W.2d 913, 919 n. 9 (Tex.1991); *Chrysler Corp. v. Blackmon,* 841 S.W.2d 844, 851–52 (Tex.1992) (approving the holding in *United States Fid. & Guar. Co. v. Rossa,* 830 S.W.2d 668, 672 (Tex.App.—Waco 1992, writ denied)).