*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-08-00690-CV

Richard **KREWAY**,
Appellant

v.

John Chilton **CALHOUN**,
Appellee

From the 288th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CI-00396
Honorable Larry Noll, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:    Sandee Bryan Marion, Justice
Phylis J. Speedlin, Justice
Marialyn Barnard, Justice

Delivered and Filed:   March 18, 2009

AFFIRMED

In 2004, Richard Kreway and John Calhoun entered into an agreement to develop an oil and gas project, pursuant to which Kreway made an initial investment of $85,000. Calhoun deposited the money into a bank and then used the money to write checks payable to himself. When a dispute later arose over Calhoun's paying the money to himself, Kreway sued Calhoun for breach of contract, common-law fraud, and conversion. Calhoun counter-claimed, suing for damages he allegedly incurred as a result of Kreway's actions. Following a bench trial, the court rendered a take-

nothing judgment against both Kreway and Calhoun, and offset Kreway's payment of $85,000 against the damages asserted by Calhoun. This appeal by Kreway ensued. We affirm.

## DISCUSSION

The trial court entered several findings of fact, including that (1) Calhoun was to develop the project and Kreway was to pay Calhoun $226,000 in installments, (2) Calhoun subsequently performed extensive work developing the project, (3) Kreway failed to pay the second installment required by the contract, (4) Kreway demanded the return of the $85,000, (5) the contract provided that all amounts tendered are not refundable, (6) the project was not completed because Kreway refused to make further installments, and (7) Calhoun's work in developing the project fully offset Kreway's payment of $85,000. The trial court also entered conclusions of law, including that Calhoun fully performed his obligations under the contract and was excused from further performance, and Kreway committed a material breach of the contract. On appeal, Kreway concedes some evidentiary support exists for each of the trial court's findings and he raises no issues on appeal challenging the legal or factual sufficiency of the evidence in support of any findings. Instead, Kreway challenges the trial court's application of those findings to the relevant law.

When, as here, findings of fact are unchallenged, they occupy the same position and are entitled to the same weight as the verdict of a jury, and they are binding on an appellate court unless the contrary is established as a matter of law or there is no evidence to support the finding. *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696 (Tex. 1986). We review a trial court's conclusions of law to determine their correctness based upon the facts. *Citizens Nat'l Bank v. City of Rhome*, 201 S.W.3d 254, 256 (Tex. App.—Fort Worth 2006, no pet.). A trial court's conclusions of law will

be upheld on appeal if the judgment can be sustained on any legal theory supported by the evidence, and they will not be reversed unless they are erroneous as a matter of law. *See Spiller v. Spiller*, 901 S.W.2d 553, 556 (Tex. App.—San Antonio 1995, writ denied).

Underlying each of Kreway's challenges to the trial court's conclusions is his contention that the evidence demonstrates Calhoun breached the contract by paying himself the $85,000 instead of using the money to develop the project. According to Kreway, the contract did not provide that Calhoun would be compensated by the installment payments made by Kreway, but instead, Calhoun would be compensated by his twenty-five percent interest in the project. Based on this interpretation of the contract, Kreway concludes he was justified in refusing to make any further installment payments. Kreway also asserts the court erred in concluding Calhoun's work in developing the project fully offset Kreway's payment of $85,000. Kreway argues the court's conclusion is "presumably" based on theories of quantum meruit and unjust enrichment. We disagree with Kreway's argument.

The trial court's judgment appears to be based on the theory that "[a] setoff brings together the obligations of opposing parties to each other and, by judicial action of the court, makes each obligation extinguish the other." *CPS Int'l, Inc. v. Harris & Westmoreland*, 784 S.W.2d 538, 544 (Tex. App.—Texarkana 1990, no writ). "The object of setoff is to adjust the indebtedness between the parties and allow recovery of only the balance that is due." *Id.* It is clear from the trial court's findings and conclusions that the court based its judgment on a determination that Kreway breached the agreement by refusing to make any further payments, thus excusing Calhoun from further work on the project; that any damages suffered by Calhoun would be satisfied by Kreway's payment of

$85,000; and any further damages suffered by either party would be satisfied by a take-nothing judgment against both parties.

On appeal, Kreway concedes he was to "act as financier" of the project and he does not challenge the trial court's findings that Calhoun was to develop the project and that Calhoun performed extensive work developing the project. These unchallenged findings support the court's conclusion that Calhoun "fully performed his obligations under the contract." Kreway also does not challenge the court's findings that the contract required him to pay Calhoun $226,000 in installments and he refused to make any further installments after the initial payment of $85,000. These unchallenged findings support the court's conclusion that Kreway "committed a material breach of the parties' contract." Thus, we conclude the trial court's unchallenged findings support the court's offsetting Kreway's and Calhoun's obligations to each other.

## CONCLUSION

We overrule Kreway's issues on appeal and affirm the trial court's judgment.

Sandee Bryan Marion, Justice