Thomas v. Thomas 















IN THE
TENTH COURT OF APPEALS
 

No. 10-94-051-CV

     HUBERT MICHAEL THOMAS,
                                                                                              Appellant
     v.

     DIANA JANE THOMAS,
                                                                                              Appellee
 

From the 77th District Court
Limestone County, Texas
Trial Court # 22,100-A
                                                                                                    

O P I N I O N
                                                                                                    

      Michael Thomas (Michael) appeals from an order increasing his monthly child support from
$1,250 to $3,000 for his four children in the custody of Diana Thomas (Diana). See Tex. Fam.
Code Ann. § 14.056 (Vernon Supp. 1995). In addition, the court awarded Diana $11,200 in
attorney's fees. Michael raises ten points of error. We will discuss the points in the following
order—points four, five, six and seven, attacking the court's decision to grant the motion to
modify; points one, two and three, challenging the amount set as his support obligation; and points
eight, nine and ten dealing with the attorney's fees award. We will affirm.
FACTUAL BACKGROUND
      Michael and Diana were divorced in 1989. His child support obligation for their four
children, in Diana's custody under an agreed divorce decree, was set at $1,250 a month. 
Additionally, he agreed to pay her $4,250 a month in alimony. Michael stopped paying the
alimony in August 1991, and in October Diana moved to modify his support obligation. However,
Michael was not served with citation, and Diana filed an amended motion to modify in June 1992. 
After service of citation in September, Michael filed his original answer on October 5. Diana
alleged that her and the children's circumstances had materially and substantially changed since
the entry of the child-support order and that modification would be in the best interest of the
children. She also requested attorney's fees. Michael stipulated in his answer that he had net
resources in excess of $6,000 a month.
      Ultimately, the court held a hearing on Diana's second amended motion in November 1993. 
The court found that there had been a material and substantial change in circumstances, granted
Diana's motion to modify, and set child support at $3,000 a month for four children, $2,551 for
three children, $2,096 for two children, and $1,500 for one child. The court also awarded Diana
$11,200 in attorney's fees.
MODIFICATION OF THE SUPPORT ORDER
      The court may modify a prior child-support order if "the circumstances of the child or a
person affected by the order . . . have materially and substantially changed." Tex. Fam. Code
Ann. § 14.08(c)(2). However, an increase may not be based solely on an increase in the needs
of the obligee. Id. § 14.056(a). To determine if the circumstances have changed, the court can
consider the factors listed in the code. Id. § 14.056(b). The Family Code directs the court to
consider "all relevant factors, including . . . the amount of the obligee's net resources" in setting
child support. Id. § 14.054(1). As defined in the Family Code, "net resources" includes "spousal
maintenance, and alimony." Id. § 14.053(b). 
      We will not disturb the court's ruling unless a clear abuse of discretion is shown. See
Worford v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990). "The test for abuse of discretion is
whether the trial court acted without reference to any guiding rules or principles; in other words,
whether the act was arbitrary or unreasonable." Id. When there is some evidence of a substantive
and probative character to support the decision, no abuse of discretion occurs. Holley v. Holley,
864 S.W.2d 703, 706 (Tex. App.—Houston [1st Dist.] 1993, writ denied). Thus, legal- and
factual-sufficiency claims are not independent grounds of error but are incorporated into a
determination of whether the court abused its discretion. In re Pecht, 874 S.W.2d 797, 800 (Tex.
App.—Texarkana 1994, no writ); Mai v. Mai, 853 S.W.2d 615, 618 (Tex. App.—Houston [1st
Dist.] 1993, no writ); see also Crouch v. Tenneco, Inc., 853 S.W.2d 643, 646-47 (Tex.
App.—Waco 1993, writ denied).
       In points four and five, Michael attacks the court's finding that the circumstances have
materially and substantially changed. In point four, he argues that the court abused its discretion
because the evidence is insufficient to support such a conclusion, and in point five he claims that
the court should have amended its finding of fact to state that no such change had occurred.
      Diana introduced her income tax returns for 1990, 1991, and 1992. Over the three-year
period, her annual income decreased from $70,833 to $8,767, primarily due to the termination of
Michael's alimony payments. Clearly, an approximately 88 percent decrease in the income of the
managing conservator justifies a finding of a material and substantial change in the circumstances
of a person affected by the child-support order. See Anderson v. Anderson, 770 S.W.2d 92, 95
(Tex. App.—Dallas 1989, no writ); Power v. Power, 720 S.W.2d 683, 685 (Tex. App.—Houston
[1st Dist.] 1986, writ dism'd). Thus, the court did not abuse its discretion by finding that there
had been a substantial change supporting modification of the child-support order. See Worford,
801 S.W.2d at 109; Holley, 864 S.W.2d at 706. Points four and five are overruled.
      In point six, Michael claims that the court improperly based its ruling on his history of
voluntary support. In point seven, he argues that the evidence is insufficient to show the
modification is in the best interest of the children, asserting that their best interest is better served
by allowing him to pay the amounts voluntarily. However, we have already held that the court
was justified in modifying the child-support order based on a change in circumstances. Nothing
in the record indicates that the court based its ruling on the fact that Michael provided some funds
to Diana and to the children voluntarily. Nor can we say that his version of the children's best
interest is sufficient to show that the court otherwise abused its discretion. See id. Thus, we
overrule points six and seven.
AMOUNT OF CHILD SUPPORT
      Michael's first three points challenge the amount of the child support the court ordered him
to pay. His first point alleges that the court abused its discretion by arbitrarily setting an amount
greater than the child-support guidelines and the proven needs of the children. See Tex. Fam.
Code Ann. § 14.055(j). Points two and three challenge the legal and factual sufficiency of the
evidence supporting the court's finding of the proven needs of the children.
      The focus of these points is the amount established as the proven needs of the children. The
court is forbidden from requiring Michael, as the obligor, to pay more than 100 percent of the
proven needs of the children. See id. § 14.055(c). What constitutes "needs" of the children has
not been defined by statute or by case law. See Rodriguez v. Rodriguez, 860 S.W.2d 414, 417 n.3
(Tex. 1993). However, the needs of the children are not limited to the "bare necessities of life." 
Id. Nor are their needs dependent on their parents' ability to pay, the lifestyle of the family, the
needs, standard of living or lifestyle of the obligee, or a history of voluntary support by the
obligor. See id.; Tex. Fam. Code Ann. § 14.056(a), (b). In evaluating the needs of the children,
and, thus, the exercise of the court's discretion in determining those needs, we are guided by the
paramount principle in child-support decisions: the best interest of the children. See Tex. Fam.
Code Ann. § 14.07; Rodriguez, 860 S.W.2d at 417 n.3.
      At the hearing on Diana's motion to modify, she testified that $4,273.90 was the amount that
she had expended on a monthly basis to meet the needs of her four children over the previous year. 
She introduced a household budget based on her expenses for the prior year. She also claimed that
she was incurring an additional $50 a week for household help and that she anticipated spending
at least $600 extra to assist her oldest child in preparing for college. On cross-examination,
however, she admitted that some of the expenses she listed as necessary for the children were, in
fact, for herself. She also admitted that she had included costs for a vacation taken by her and the
children in her calculations. She agreed that, excluding "drinking water, department store
charges, Visa, miscellaneous checks, gifts, home repairs, vet, Optima charges and magazine and
newspaper . . . and monthly cash expenditures," the total monthly expenses for the children
would be $2,347.39.
      The court found that the proven needs of the four children amounted to $4,068.00 a month,
and ordered Michael to pay $3,000 a month in child support. The evidence would support a
finding of the children's proven needs of an amount between $2,347.39 and $4,273.90. After
subtracting the presumed child support award for an obligor with one other child to support, the
court was required to "allocate between the parties the responsibility to meet the additional needs
of the child according to the circumstances of the parties." See Tex. Fam. Code Ann. §
14.055(c). Because $3,000 a month in child support is less than 100 percent of the proven needs
of the children and is within the calculations required by the Family Code, we cannot say that the
court abused its discretion. See id.; Worford, 801 S.W.2d at 109. Likewise, the court was within
its discretion when it determined the amount of the children's needs, and, thus, Michael's child
support obligations, as each child became emancipated. Point one is overruled. We do not reach
point two because finding that the court did not abuse its discretion necessarily requires finding
that some evidence supports the court's ruling. See Holley, 864 S.W.2d at 706; also In re Pecht,
874 S.W.2d at 800; Mai, 853 S.W.2d at 618; Crouch, 853 S.W.2d 643 at 648. Moreover, we
will not consider point three because a factual-sufficiency point is not appropriate when
considering whether a court abused its discretion. See id.
ATTORNEY'S FEES AWARD
      In the remaining points, Michael attacks the award of attorney's fees to Diana. The court
could award reasonable attorney's fees as a cost of the suit. See Tex. Fam. Code Ann. §
11.18(a) (Vernon 1986). The decision to award the fees is in the sound discretion of the court. 
See MacCallum v. MacCallum, 801 S.W.2d 579, 587 (Tex. App.—Corpus Christi 1990, writ
denied). 
      In point eight, Michael claims that the award was improper because there is no evidence to
show that the services of an attorney were necessary to protect the rights of the children. He
argues that because the evidence does not show a change sufficient to justify a modification of the
support order the services of an attorney were unnecessary. However, this argument is merely
a repeat of the argument under point seven, which we have already rejected. Thus, we again
reject the argument and overrule point eight.
      By point nine, Michael claims that the award was an abuse of discretion because Diana's
attorney did not segregate her time among various lawsuits between the parties. However, Diana's
attorney testified to a specific number of hours spent on this motion (108), excluding the hours
spent at the hearing, and the rate agreed upon by Diana ($100 an hour). The exhibit Michael
questions was introduced into evidence by him, not by Diana. Additionally, her attorney twice
asked for permission to delete the hours recorded on the exhibit which did not relate to the motion
to modify the child support. Michael's attorney's objected to her request, stating that the exhibit
was in evidence. Thus, Michael cannot now complain that the time sheet does not match the
number of hours Diana's attorney claimed in her testimony. Remarks made on the record by the
court demonstrate that the hearing on the motion took a full day. Thus, we cannot say that the
court abused its discretion by finding that Diana's attorney's fees for the child support
modification motion was $11,200. See id.; Power, 720 S.W.2d at 685. Point nine is overruled. 
      In point ten, Michael claims that the award is improper because it includes payment for time
prior to his being served with citation on this motion. The focus of his argument is an allegation
that some of the pre-service hours claimed were spent on other lawsuits. Again, we point out that
Diana's attorney testified to a specific amount of time spent on this motion. The court was entitled
to credit her claim. No abuse of discretion has been shown. See id. Thus, we overrule point ten.
      The judgment is affirmed.

                                                                                 BOB L. THOMAS
                                                                                 Chief Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed March 29, 1995
Publish