NO. 07-02-0031-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



NOVEMBER 21, 2002


______________________________



IN THE INTEREST OF C. C. B., A CHILD



 ______________________________ 


FROM THE 317TH DISTRICT COURT OF JEFFERSON COUNTY;



NO. C-176,793; HON. JACK KING, PRESIDING


_______________________________



Before QUINN and REAVIS, JJ., and BOYD, SJ. (1)

 In one issue, appellant Travis Bach (Bach) claims error on the part of the trial court
in modifying his child support obligation. In that issue, he asserts the trial court erred in
its calculation of child support in accordance with the Child Support Guidelines in Chapter
154 of the Family Code. We affirm the judgment of the trial court.

 Background

 The Attorney General filed a petition in 1999 to establish the parent-child
relationship of the child born to appellee Kathryn Spivey (Spivey). A hearing was held but
Bach failed to appear. An order was then entered establishing that Bach was the father
of the child and ordering him to pay $355 each month beginning June 1, 1999, and $50 
per month for arrearage. Bach later filed a motion to modify the parent-child relationship
requesting a reduction in child support. In response, Spivey filed a counter-petition
requesting an increase in child support. After a hearing, the court increased Bach's child
support obligation to $465.12 per month beginning October 1, 2001. 

 Calculation of Child Support

 In his sole issue, Bach challenges the trial court's award of increased monthly child
support because he contends that the only evidence in the record does not support the
award calculated by the trial court. We overrule the argument.

 Standard of Review

 A court may modify a parent's child support obligation upon proof that the
circumstances of the child or parent have materially and substantially changed. Tex. Fam.
Code Ann. §156.401 (Vernon 2002). Whether to do so lies within the discretion of the trial
court, and the exercise of that discretion will not be disturbed unless clearly abused.
Rodriguez v. Rodriguez, 860 S.W.2d 414, 415 (Tex. 1993); Hatteberg v. Hatteberg, 933
S.W.2d 522, 529 (Tex. App.--Houston [1st Dist.] 1994, no writ ). A court abuses its
discretion only if it acts without reference to guiding rules and principles. Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985), cert. denied, 476 U.S.
1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986); Tucker v. Tucker, 908 S.W.2d 530, 532
(Tex. App.--San Antonio 1995, writ denied). Conversely, no abuse occurs when probative
evidence underlies the decision. Thomas v. Thomas, 895 S.W.2d 895, 896 (Tex. App.--
Waco 1995, writ denied). 

 Next, various guidelines used in regulating the court's discretion appear in the
Family Code. The first mandates calculation of net resources. Tex. Fam. Code Ann.
§154.062 (Vernon 2002). "Net resources" include all wage and salary income and other
compensation for personal services, interest, dividends, royalty income, self-employment
income, net rental income, and all other income actually received. Id.§154.062(b). Should
those net resources equal or be less than $6000, then the trial court calculates the monthly
support by multiplying the monthly net resource by 20%. Id. §154.125(b). Here, however,
the parties agreed to multiply the monthly net resource by 16%. 

 Application of Standard 

 Needless to say, the evidence appearing of record that concerns Bach's gross and
net monthly income was hardly uncontradicted. Nevertheless, his year 2000 tax return
indicated that he had a gross annual income approximating $45,500. (2) Dividing this
number by 12 yielded a gross monthly income approximating $3790. Per applicable Texas
Attorney General tax chart, the gross sum of $3790 yielded a net monthly resource
approximating $2942. Sixteen percent of $2942 yielded a monthly child support payment
approximating $470. Here, the court ordered that Bach pay $465.12 as monthly child
support. As can be seen, the conclusion enjoys the support of probative evidence and,
consequently, does not evince an abuse of discretion. 

 Accordingly, we affirm the child support order of the trial court.

 

 Brian Quinn

Do not publish. Justice
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2002).
2. In an effort to determine the monthly child support, the legislature mandated, among other things,
that the parties produce copies of income tax returns for the past two years, financial statements, and current
pay stubs. Tex. Fam. Code Ann. §154.063(2) (Vernon 2002) (emphasis added). Given that the hearing at
bar was held in September of 2001, Bach's year 2000 tax return was relevant evidence in assessing his
gross annual income, net monthly resources, and child support obligation.