NO. 07-02-0031-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 21, 2002

_____

IN THE INTEREST OF C. C. B., A CHILD

_____

FROM THE 317TH DISTRICT COURT OF JEFFERSON COUNTY;

NO. C-176,793; HON. JACK KING, PRESIDING

_____

Before QUINN and REAVIS, JJ., and BOYD, SJ.[1]

In one issue, appellant Travis Bach (Bach) claims error on the part of the trial court in modifying his child support obligation. In that issue, he asserts the trial court erred in its calculation of child support in accordance with the Child Support Guidelines in Chapter 154 of the Family Code. We affirm the judgment of the trial court.

***Background***

The Attorney General filed a petition in 1999 to establish the parent-child relationship of the child born to appellee Kathryn Spivey (Spivey). A hearing was held but Bach failed to appear. An order was then entered establishing that Bach was the father of the child and ordering him to pay $355 each month beginning June 1, 1999, and $50

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. TEX. GOV'T CODE ANN. §75.002(a)(1) (Vernon Supp. 2002).

per month for arrearage. Bach later filed a motion to modify the parent-child relationship requesting a reduction in child support. In response, Spivey filed a counter-petition requesting an increase in child support. After a hearing, the court increased Bach's child support obligation to $465.12 per month beginning October 1, 2001.

### *Calculation of Child Support*

In his sole issue, Bach challenges the trial court's award of increased monthly child support because he contends that the only evidence in the record does not support the award calculated by the trial court. We overrule the argument.

*Standard of Review*

A court may modify a parent's child support obligation upon proof that the circumstances of the child or parent have materially and substantially changed. TEX. FAM. CODE ANN. §156.401 (Vernon 2002). Whether to do so lies within the discretion of the trial court, and the exercise of that discretion will not be disturbed unless clearly abused. *Rodriguez v. Rodriguez,* 860 S.W.2d 414, 415 (Tex. 1993); *Hatteberg v. Hatteberg,* 933 S.W.2d 522, 529 (Tex. App.—Houston [1st Dist.] 1994, no writ ). A court abuses its discretion only if it acts without reference to guiding rules and principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241-42 (Tex. 1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986); *Tucker v. Tucker,* 908 S.W.2d 530, 532 (Tex. App.—San Antonio 1995, writ denied). Conversely, no abuse occurs when probative evidence underlies the decision. *Thomas v. Thomas,* 895 S.W.2d 895, 896 (Tex. App.— Waco 1995, writ denied).

2

Next, various guidelines used in regulating the court's discretion appear in the Family Code. The first mandates calculation of net resources. TEX. FAM. CODE ANN. §154.062 (Vernon 2002). "Net resources" include all wage and salary income and other compensation for personal services, interest, dividends, royalty income, self-employment income, net rental income, and all other income actually received. *Id.*§154.062(b). Should those net resources equal or be less than $6000, then the trial court calculates the monthly support by multiplying the monthly net resource by 20%. *Id.* §154.125(b). Here, however, the parties agreed to multiply the monthly net resource by 16%.

*Application of Standard*

Needless to say, the evidence appearing of record that concerns Bach's gross and net monthly income was hardly uncontradicted. Nevertheless, his year 2000 tax return indicated that he had a gross annual income approximating $45,500.[2] Dividing this number by 12 yielded a gross monthly income approximating $3790. Per applicable Texas Attorney General tax chart, the gross sum of $3790 yielded a net monthly resource approximating $2942. Sixteen percent of $2942 yielded a monthly child support payment approximating $470. Here, the court ordered that Bach pay $465.12 as monthly child support. As can be seen, the conclusion enjoys the support of probative evidence and, consequently, does not evince an abuse of discretion.

Accordingly, we affirm the child support order of the trial court.

---

[2]In an effort to determine the monthly child support, the legislature mandated, among other things, that the parties produce copies of income tax returns for the *past two years*, financial statements, and current pay stubs. TEX. FAM. CODE ANN. §154.063(2) (Vernon 2002) (emphasis added). Given that the hearing at bar was held in September of 2001, Bach's year 2000 tax return was relevant evidence in assessing his gross annual income, net monthly resources, and child support obligation.

Do not publish.

Brian Quinn
Justice