Rodney Baker v. Amythyst Peterson
















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-00113-CV

     RODNEY BAKER,
                                                                              Appellant
     v.

     AMYTHYST PETERSON,
                                                                              Appellee
 

From the 221st District Court
Montgomery County, Texas
Trial Court # 99-05-03073 CV
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

       Appellant appeals from an order modifying the right to determine the primary residence of
his child complaining that: (1) the trial court erred in not filing findings of fact and conclusions
of law, (2) there is legally and factually insufficient evidence to support the order, and (3) the
court abused its discretion in awarding appellee the right to determine the primary residence of
the child. We affirm.
 

FACTS
      By an Agreed Order of Parentage, Rodney Baker and Amythyst Peterson were appointed
joint managing conservators of their child, Z.J.B., with Baker having the right to determine
the primary residence of the child. No child support was ordered at that time. Later, Baker
filed a motion to modify the parentage order requesting child support for his son and a
standard possession order as to Peterson. Peterson responded with a counter-motion
requesting that she have the right to determine the primary residence of the child, child
support, and a standard possession order be granted as to Baker. The trial court granted
Peterson’s counter-motion. The court maintained Baker and Peterson as joint managing
conservators, awarded Peterson the right to determine the primary residence of the child,
ordered Baker to pay child support, and established a standard possession order as to Baker.FINDINGS OF FACT AND CONCLUSIONS OF LAW
      In his third issue, Baker argues that the trial court erred by not filing findings of fact and
conclusions of law.
      Baker filed a request for findings of fact and conclusions of law about one month before
trial. According to Texas Rule of Civil Procedure 306c, a prematurely filed request for
findings and conclusions is considered filed on the day of but subsequent to the signing of the
judgment. Tex. R. Civ. P. 306c; Wirtz v. Mass. Mut. Life Ins. Co., 898 S.W.2d 414, 419
(Tex. App.—Amarillo 1995, no writ); Lewelling v. Bosworth, 840 S.W.2d 640, 644 (Tex.
App.—Dallas 1992, no writ). Thus, Baker’s request is deemed to have been filed immediately
after the signing of the judgment.
      Rule 297 requires that a notice of past due findings and conclusions “state the date the
original request was filed and the date the findings and conclusions were due.” Tex. R. Civ.
P. 297. The document that Baker contends qualifies as a notice of past due findings and
conclusions is styled a “Request for Findings of Fact and Conclusions of Law” and does not
contain the recitation required by Rule 297. Therefore, Baker has failed to preserve this issue
for appellate review. See Curtis v. Commn. for Law. Disc., 20 S.W.3d 227, 232 (Tex.
App.—Houston [14th Dist.] 2000, no pet.); see also Las Vegas Pecan & Cattle Co. v. Zavala
County, 682 S.W.2d 254, 255 (Tex. 1984) (untimely notice of past due findings and
conclusions waive right to complain of trial court’s failure to file findings and conclusions);
Thomas v. Thomas, 917 S.W.2d 425, 435 n.6 (Tex. App.—Waco 1996, no writ) (same). 
Accordingly, we overrule Baker’s third issue.
      Because there are no findings of fact and conclusions of law filed in this case, “we must
assume that [the trial court] made all findings in support of its judgment.” Pharo v. Chambers
County, 922 S.W.2d 945, 948 (Tex. 1996). However, an appellant may challenge the legal
and factual sufficiency of the evidence supporting these implied findings when there is a
reporter’s record. Roberson v. Robinson, 768 S.W.2d 280, 281 (Tex. 1989); In re B.N.F.,
120 S.W.3d 873, 876 (Tex. App.—Fort Worth 2003, no pet.); Flores v. Flores, 847 S.W.2d
648, 651 (Tex. App.—Waco 1993, writ denied).
STANDARD OF REVIEWChallenges to a trial court’s rulings on custody, control, possession and visitation matters
are reviewed for an abuse of discretion. In re Jane Doe 2, 19 S.W.3d 278, 281-282 (Tex.
2000); Gillespie v. Gillespie, 644 S.W.2d 449, 451 (Tex. 1982); Turner v. Turner, 47 S.W.3d
761, 763 (Tex. App.—Houston [1st Dist.] 2001, no pet.). A trial court abuses its discretion
when it acts “without reference to any guiding rules or principles,” or stated another way,
when the trial court acts in an arbitrary and unreasonable manner. City of San Benito v. Rio
Grande Valley Gas Co., 109 S.W.3d 750, 757 (Tex. 2003) (quoting Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 242 (Tex.1985)). An abuse of discretion does not occur
when a trial court bases its decision on conflicting evidence. Goode v. Shoukfeh, 943 S.W.2d
441, 446 (Tex. 1997); Davis v. Huey, 571 S.W.2d 859, 862 (Tex. 1978). Similarly, there is
no abuse of discretion when some evidence of a substantive and probative character exists to
support the trial court’s decision. Vincent v. Bank of Am., N.A., 109 S.W.3d 856, 868 (Tex.
App.—Dallas 2003, pet. denied) (citing Worford v. Stamper, 801 S.W.2d 108, 109 (Tex.
1990)).
      When using an abuse-of-discretion standard, the appellate court does not conduct an
independent review of the factual issues decided by the trial court under a legal or factual
sufficiency standard. Thomas v. Thomas, 895 S.W.2d 895, 896 (Tex. App.—Waco 1995, writ
denied) (citing Crouch v. Tenneco, Inc., 853 S.W.2d 643, 649 (Tex. App.—Waco 1993, writ
denied)). Rather, the court may use the legal and factual sufficiency of the evidence as factors
in determining whether an abuse of discretion has occurred.


 Beaumont Bank N.A. v. Buller,
806 S.W.2d 223, 226 (Tex. 1991); Thomas, 895 S.W.2d at 896.
      When an appellant complains that an adverse finding is legally or factually insufficient, we
must first determine who had the burden of proof at trial. In a modification suit, the movant
bears the burden of proof. Ditraglia v. Romano, 33 S.W.3d 886, 888 (Tex. App.—Austin
2000, no pet.). Because Peterson filed the motion to change the right to determine the primary
residence of the child, she had the burden of proof.
      When an appellant who did not have the burden of proof at trial complains of legally
insufficient evidence, the appellant must show there is no evidence to support the contested
finding. Beard v. Beard, 49 S.W.3d 40, 55 (Tex. App.—Waco 2001, pet. denied). The
appellate court must consider only the evidence and inferences that support the adverse finding
and ignore all evidence and inferences to the contrary. Lenz v. Lenz, 79 S.W.3d 10, 19 (Tex.
2002). A “no evidence” claim will be sustained if: (a) there is a complete absence of evidence
of a vital fact; (b) the rules of law or evidence prevent the court from giving weight to the only
evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is not more
than a scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact. 
Uniroyal Goodrich Tire Co. v. Martinez, 977 S.W.2d 328, 334 (Tex. 1998) (citing Robert W.
Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Tex. L. Rev. 361,
362-63 (1960)). When the evidence “rises to a level that would enable reasonable and fair-minded people to differ in their conclusion”, then there is more than a scintilla of evidence. 
Beard, 49 S.W.3d at 55 (quoting Burroughs Wellcome Co. v. Crye, 907 S.W.2d 497, 499
(Tex. 1995)).
      When an appellant who did not have the burden of proof at trial complains of factually
insufficient evidence, the appellate court must examine the entire record. The court will
reverse only if the trial court’s finding is “so contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust.” Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986);
Beard, 49 S.W.3d at 55. If the proponent’s proof, while adequate, is taken alone, and is so
overwhelmed by the opponent’s contrary proof, or if the finding is based on weak evidence,
reversal can occur. Checker Bag Co. v. Washington, 27 S.W.3d 625, 633 (Tex. App.—Waco,
pet. denied) (citing William Powers, Jr. & Jack Ratliff, Another Look at "No Evidence" and
"Insufficient Evidence," 69 Tex. L. Rev. 515, 519 n.11 (1991)).
ANALYSISIn Baker’s second issue, he argues that Peterson did not offer legally sufficient evidence to
prove that circumstances had materially and substantially changed, and that the requested
change would be a positive improvement for the child. Because the Legislature amended the
Family Code in 2001, however, the law in effect at the time of trial required the movant to
prove only that the circumstances had materially and substantially changed. See Act of May
22, 2001, 77th Leg. R.S., ch. 1289 § 5, 2001 Tex. Gen. Laws 3108 (amended 2003) (current
version at Tex. Fam. Code Ann. § 156.101 (Vernon 2004)).
      Both parties testified that the change in the child’s age and the introduction of new
activities for the child provided a situation in which the original order had become unworkable. 
At the time of trial, Z.J.B. was five years old. The change in age of a child has been found to
be a material and substantial change. In re Davis, 30 S.W.3d 609, 615 (Tex.
App.—Texarkana 2000, no pet.); Horne v. Harwell, 533 S.W.2d 450, 452 (Tex. Civ.
App.—Austin 1976, writ ref'd n.r.e.). Also, there was evidence that Baker poisoned Z.J.B.’s
mind against his mother. This, too, has been found to be a material and substantial change. 
Jeffers v. Wallace, 615 S.W.2d 252, 254 (Tex. App.—Dallas 1981, no writ). Accordingly,
the evidence is legally sufficient to support the contested finding. Burroughs Wellcome Co.
907 S.W.2d at 499.
      Baker complains in his fourth issue that there is factually insufficient evidence to support a
finding that the requested modification is in the best interest of the child. Tex. Fam. Code
Ann. § 156.101 (Vernon 2004). The parties presented conflicting evidence on this issue, and
we cannot say the trial court’s findings are so against the great weight and preponderance of
the evidence as to be clearly wrong and unjust. Accordingly, the record contains factually
sufficient evidence that supports the court’s finding that the modification is in the best interest
of the child. Cain, 709 S.W.2d at 176; Checker Bag Co., 27 S.W.3d at 633.
      Because the record contains legally and factually sufficient evidence, and because Baker
provides no other argument to support his contention that the court abused its discretion, we
conclude that no abuse of discretion is shown. Baker’s first, second and fourth issues are
overruled. City of San Benito, 109 S.W.3d at 757.
      We affirm the judgment.

 
FELIPE REYNA
                                                                   Justice

Before Chief Justice Gray,
      Justice Vance, and
      Justice Reyna



Affirmed
Opinion delivered and filed April 7, 2004
[CV06]