NO. 07-07-0149-CR


NO. 07-07-0150-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 23, 2007


_____________________________



CHARLES RAY HALL, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________





FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NOS. 54,218-D & 54,219-D; HON. DON EMERSON, PRESIDING


_______________________________


 

Memorandum Opinion


________________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 Charles Ray Hall appeals his convictions for unlawfully possessing a firearm by a
felon and possessing a prohibited weapon. Via eight issues, he contends that the
evidence is legally and factually insufficient to support both convictions. We disagree and
affirm.

Background


 Lieutenant Martin Birkenfeld of the Amarillo Police Department testified that on
August 19, 2006, around 3:10 in the morning, he heard a "couple of popping sounds" which
he was unable to identify. Thereafter, he slowly drove towards the area from which the
sounds came. As he did so, he heard one more "pop" and eventually observed four
individuals walking down the street from where he thought the sounds emanated. The four
individuals saw Birkenfeld and began walking "the other way"; this caused the officer to
watch them. Eventually, he saw one with a "weapon of some type," noted that "it looked
like a long gun. . . ," called for back-up, and kept following them with his lights trained on
the group. Upon realizing that the weapon being carried was "definitely . . . a sawed-off
shotgun," the officer activated his emergency lights and siren. At that point, the individuals
began running. Birkenfeld noted that the person carrying the shotgun was "wearing a dark
shirt, probably dark blue, and it had large white letters on the back." The lettering made
it easy to describe the shirt, according to the officer. 

 The group split up with the person carrying the shotgun running in a direction
different than the others. Birkenfeld followed him until the suspect was lost in an apartment
complex. Appellant was soon discovered by other officers hiding behind a bush in an alley
by the apartment complex. Upon seeing the detainee, Birkenfeld identified him as the
person with the gun. This identification was reiterated at trial. A sawed-off shotgun was
also found lying in weeds within five to ten feet of where appellant was arrested and within
the alley wherein appellant ran. 

 At trial, appellant attempted to discredit Birkenfeld's testimony by focusing on the
fact that the officer did not know what the other three individuals were wearing and,
therefore, may have confused appellant with one of the others. So too was it of import to
appellant that his fingerprints were not found on the weapon. Appellant also tried to show
that someone other than he could have been the person who actually had the gun. 
Despite this, Birkenfeld reiterated that he was not mistaken in identifying appellant as the
"one who was carrying the rifle [sic]."

 Testifying on his own behalf, appellant said that he had been at home in the early
hours of August 19th but some friends had come by and asked him to attend a party. In
fact, two parties were occurring at different ends of his apartment complex. He attended
the one that was closest to his apartment and drank beer for about two hours. At the time,
he purportedly observed an individual in possession of what he believed to be a firearm,
even though he was not sure what the object was. Once the police showed up everyone
scattered. According to appellant, he ran because he had been in trouble with the police
before and had been drinking. He also denied possessing the firearm. 

 The defense also called Vernon Raynard Anderson, who testified that he was with
appellant the night of the incident and did not observe appellant carrying a gun. Yet, he
acknowledged that he left the party around midnight and was not present when the police
arrived.

Issues One - Eight - Legal and Factual Sufficiency


 Through his eight issues, appellant contends that the evidence was both legally and
factually insufficient to 1) prove he exercised care, custody or control over the weapon or
2) affirmatively link him to the weapon. We overrule the issues. 

 Standard of Review

 The applicable standards of review can be found in Clewis v. State, 922 S.W.2d 126
(Tex. Crim. App.1996), Evans v. State, 202 S.W.3d 158 (Tex. Crim. App. 2006), and
Watson v. State, 204 S.W.3d 404 (Tex. Crim. App. 2006). We refer the parties to them.

 Next, in establishing possession, we use the same methodology used to establish
guilt for possessing controlled substances. Nguyen v. State, 54 S.W.3d 49, 52-53 (Tex.
App.-Texarkana 2001, pet. ref'd). Thus, the State must show that the accused 1)
exercised actual care, control, or custody over the firearm, 2) was conscious of his
connection with it, and (3) possessed the firearm knowingly or intentionally. Id. citing,
Brown v. State, 911 S.W.2d 744 (Tex. Crim. App. 1995).

 The record before us contains eyewitness testimony identifying appellant as the one
who possessed and ran with the shotgun. Whether to believe it was up to the factfinder. 
But, if believed, it provided some evidence upon which a rational jury could conclude,
beyond reasonable doubt, that appellant intentionally or knowingly possessed the weapon.

 To the extent appellant and others gave testimony that contradicted Birkenfeld's,
we again note that it was the jury's prerogative to choose who to believe. Moreover, other
evidence such as appellant's effort to flee and hide as well as the proximity between the
shotgun's location and appellant's place of arrest lend further credence to the officer's
identification of appellant as the possessor. 

 In sum, viewing all the evidence in the light most favorable to the verdict leads us
to conclude that both verdicts enjoyed the support of legally sufficient evidence. And
though the evidence was contradictory, the verdicts were not against the great weight and
preponderance of the evidence nor clearly wrong or manifestly unjust. So, they too were
supported by factually sufficient evidence.

 Accordingly, we affirm the judgments of the trial court.

 Per Curiam

Do not publish.



loats )
 {
 document.write( '' );
 document.write( WPFootnote1 );
 document.write( '
Close' );
 document.write( '' );
 }

 In his answer, he alleged that while Collins did
indeed own separate real property, he had significantly enhanced the property during
marriage. He asserted the value of the enhancements was $40,000 and requested that the
trial court divide the monetary value of this enhancement with other community property
as the court deemed just and proper. Tipton did not assert any property as his separate
property and did not assert the value of the entire community estate. 
          Thereafter, Tipton filed several pleadings, including his Request to Court Reporter
to Make a Full Record and Preserve All Notes, a Notice of Motion and Motion for
Temporary Injunction, a Request for Hearing and Appearance by Telephone on Motion for
Temporary Injunction, a Motion for Appearance by Telephone at Final Divorce Hearing,
and a Motion to Reschedule Final Divorce Hearing and Instruct Parties to Prepare a
Written Agreement. The record does not reflect that the trial court acted on any of these
pleadings or that the trial court was ever made aware of them.
          On May 23, 2006, the trial court granted the divorce and, by a final decree of divorce,
confirmed some 127 acres of real property and improvements as Collins’ separate property
and other real property as Tipton’s separate property. The trial court also made various
other awards to each party. The trial court later executed a Final Decree of Divorce Nunc
Pro Tunc, correcting errors in the original final decree. Tipton timely appealed. 
Analysis
Notice of Hearing
          In Tipton’s first point of error on appeal, he asserts the trial court failed to notify him
of the hearing date set for May 23, 2006. However, as Collins points out, Tipton’s own
Motion to Reschedule Final Divorce Hearing and Instruct Parties to Prepare a Written
Agreement denotes his awareness of the hearing date. Indeed, he states “Respondent
received notice of this date through a brief letter from counsel, prior to the failed May 4,
2006 telephone call.” Consequently, Tipton had notice of the hearing date prior to May 4,
2006. 
          It may be, however, that Tipton’s true complaint is he was not provided notice at least
45 days prior to the hearing as required by Rule of Civil Procedure 245.


 The record before
us does not make clear exactly when Tipton received notice; we know only that the record
indicates that appellee’s counsel sent notice to him on April 6, 2006 and he received notice
sometime before May 4, 2006. In any event, he did not timely and specifically object on the
basis of insufficiency of notice under Rule 245 as required. See State Farm Fire & Casualty
Co. v. Price, 845 S.W.2d 427, 432 (Tex.App.–Amarillo 1992, writ dism’d by agreement)
(stating that by “failing to timely and specifically object to the first setting on the basis of
insufficiency of notice under rule 245, State Farm failed to preserve any error for our
review”). As Collins notes, Tipton’s request stated his awareness of the date of the hearing
and asked the trial court to reschedule. He never objected to the sufficiency or the
timeliness of the notice but only asked the court to reschedule the final hearing date until
after the trial court had ruled on his motion for telephonic appearance. No appellate
complaint about the sufficiency or timeliness of his notice of the trial date has been
preserved for our review. Tex. R. App. P. 33.1. We overrule Tipton’s first point of error.
Tipton’s Motions Before the Trial Court
          In his second point of error, Tipton asserts the trial court erred by failing to rule
explicitly on a number of pleadings requesting action by the trial court. Collins argues that
Tipton failed to take any steps to bring any of these requests to the attention of the trial
court and thus, it was not an abuse of discretion for the trial court to fail to take action. 
          We do not find in the record any indication that Tipton objected or otherwise raised
this point before the trial court. To preserve a complaint for appellate review, a party must
present a timely objection to the trial court, state the specific grounds for the objection, and
obtain a ruling. Likewise, if the court refused to rule, the complaining party must have
objected to the refusal. Tex. R. App. P. 33.1(a). Therefore, Tipton has not preserved his
complaint for appeal and we overrule his second point of error. Tex. R. App. P. 33.1(a).
Entry of Default Judgment
          Via his third point of error, Tipton contends the trial court erred in entering a default
judgment on May 23, 2006. Collins correctly points out that pursuant to Rule of Civil
Procedure 324, one must set forth a point in a motion for new trial challenging the failure
to set aside a judgment by default. Tex. R. Civ. P. 324; Massey v. Columbia State Bank,
35 S.W.3d 697, 699 (Tex.App.–Houston [1st Dist.] 2001, pet. denied). Because Tipton
failed to file a Motion for New Trial, he has failed to preserve his complaint for our review. 
Tex. R. App. P. 33.1. 
          However, Tipton’s appeal can also be regarded as a challenge to the factual
sufficiency of the evidence supporting the trial court’s default judgment. In a case tried to
the court, the appealing party need not file a motion for new trial to preserve legal or factual
sufficiency points on appeal. See Tex. R. Civ. P. 324(a), (b); In re Marriage of Parker, 20
S.W.3d 812, 816 (Tex.App.–Texarkana 2000, no pet.); O’Farrill Avila v. Gonzalez, 248
(Tex.App.–San Antonio 1998, pet. denied). Underlying Tipton’s complaints on appeal is
his contention that because he was unable to participate in the divorce proceedings, he was
not able to bring forth evidence concerning the division of the marital property or evidence
to support his claims regarding his entitlement to reimbursement. Thus, appellant argues,
the court considered only Collins’ evidence in reaching its judgment and in doing so,
rendered a judgment based on insufficient evidence.
 
          On the record before us, we cannot find the evidence insufficient to support the trial
court’s judgment. Trial courts have wide discretion in making a just and right division of
marital property. Tex. Fam. Code Ann. § 7.001 (Vernon 2006). Appellate courts must
indulge every reasonable presumption in favor of the trial court’s proper exercise of
discretion in dividing marital property. Murff v. Murff, 615 S.W.2d 696, 698 (Tex. 1981); In
re Marriage of Humble, No. 07-06-0201-CV, 2008 WL 55111 (Tex.App.–Amarillo, Jan. 4,
2008, no pet.) (mem. op.). When an appellant challenges the trial court’s order on legal
or factual sufficiency grounds, we do not treat these as independent grounds of reversible
error but, instead, consider them as factors relevant to our assessment of whether the trial
court abused its discretion. Zorilla v. Wahid, 83 S.W.3d 247, 253 (Tex.App.–Corpus Christi
2002, no pet.); Crawford v. Hope, 898 S.W.2d 937, 940-41 (Tex.App.–Amarillo 1995, writ
denied); Thomas v. Thomas, 895 S.W.2d 895, 898 (Tex.App.–Waco 1995, writ denied). 
          Here, Collins testified at the hearing. Her testimony, while brief, confirmed, among
other things, the community and separate property of the parties. From the record before
us, we cannot say the trial court’s division of the marital property involved an abuse of
discretion. Accordingly, we overrule Tipton’s third point of error. 
Community Property          
          Tipton’s fourth point of error is unclear. Appellant first challenges the failure to
include certain community property in the Proposed Mediation on Final Divorce Decree and
argues that because of this failure, the mediation was not successful. We do not have the
Proposed Mediation in the record before us and cannot consider Tipton’s exhibits attached
to his brief. See WorldPeace v. Commission for Lawyer Discipline, 183 S.W.3d 451, 465,
n.23 (Tex.App.–Houston [14th Dist.] 2005, no pet.).  
          We believe, however, appellant is actually complaining that the trial court failed to
divide certain assets in the final decree and erred with regard to appellant’s entitlement to
reimbursement.


 Appellant supports his argument with several documents attached to his
brief. As noted previously, we cannot consider the attachments and can only act on the
record before us. See WorldPeace, 183 S.W.3d at 465, n.23; Cherqui v. Westheimer Street
Festival Corp., 116 S.W.3d 337, 342, n.2 (Tex.App.–Houston [14th Dist.] 2003, no pet.)
(noting that “we cannot consider documents attached as appendices to briefs and must
consider a case based upon the record filed”). Tipton’s fourth point of error presents
nothing for us to review on appeal. We overrule Tipton’s fourth point of error. 
          We affirm the trial court’s entry of the Final Decree of Divorce.
 
                                                                           James T. Campbell

                                                                                   Justice