NO. 07-06-0314-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

AUGUST 27, 2008

_____

IN THE MATTER OF THE MARRIAGE OF
PEGGY COLLINS AND RICKY LEE TIPTON
_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 71,990-D; HONORABLE DON EMERSON, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Ricky Tipton, proceeding *pro se*, appeals from the final decree of divorce terminating his marriage with appellee Peggy Collins. Through his four points of error, Tipton contends that: (1) the trial court erred by failing to notify him that the trial date had been set on May 23, 2006; (2) the trial court abused its discretion by failing to acknowledge and act on motions placed before it; (3) the trial court erred in entering a default judgment on May 23, 2006; and (4) the trial court erred because there was no mention of community property in the proposed mediation on Final Divorce Decree that was pronounced and rendered on May 23, 2006. We affirm.

Background

Collins and Tipton were married on October 8, 2003 and ceased to live together as husband and wife in February 2005. Collins filed a petition for divorce a year later, requesting the trial court to divide the community estate and alleging she owned certain separate property. She requested that the trial court confirm that separate property as her separate property and estate. She further alleged that the value of the marital estate was more than zero but less than $50,000.

Tipton filed an original answer.[1] In his answer, he alleged that while Collins did indeed own separate real property, he had significantly enhanced the property during marriage. He asserted the value of the enhancements was $40,000 and requested that the trial court divide the monetary value of this enhancement with other community property as the court deemed just and proper. Tipton did not assert any property as his separate property and did not assert the value of the entire community estate.

Thereafter, Tipton filed several pleadings, including his Request to Court Reporter to Make a Full Record and Preserve All Notes, a Notice of Motion and Motion for Temporary Injunction, a Request for Hearing and Appearance by Telephone on Motion for Temporary Injunction, a Motion for Appearance by Telephone at Final Divorce Hearing, and a Motion to Reschedule Final Divorce Hearing and Instruct Parties to Prepare a

---

[1] At all times pertinent to these proceedings, Tipton was incarcerated in the Texas Department of Criminal Justice, at a unit in Fort Stockton, Texas. He also acted *pro se* at trial.

Written Agreement. The record does not reflect that the trial court acted on any of these pleadings or that the trial court was ever made aware of them.

On May 23, 2006, the trial court granted the divorce and, by a final decree of divorce, confirmed some 127 acres of real property and improvements as Collins' separate property and other real property as Tipton's separate property. The trial court also made various other awards to each party. The trial court later executed a Final Decree of Divorce Nunc Pro Tunc, correcting errors in the original final decree. Tipton timely appealed.

Analysis

*Notice of Hearing*

In Tipton's first point of error on appeal, he asserts the trial court failed to notify him of the hearing date set for May 23, 2006. However, as Collins points out, Tipton's own Motion to Reschedule Final Divorce Hearing and Instruct Parties to Prepare a Written Agreement denotes his awareness of the hearing date. Indeed, he states "Respondent received notice of this date through a brief letter from counsel, prior to the failed May 4, 2006 telephone call." Consequently, Tipton had notice of the hearing date prior to May 4, 2006.

It may be, however, that Tipton's true complaint is he was not provided notice at least 45 days prior to the hearing as required by Rule of Civil Procedure 245.[2] The record before us does not make clear exactly when Tipton received notice; we know only that the record

---

[2] Tex. R. Civ. P. 245.

indicates that appellee's counsel sent notice to him on April 6, 2006 and he received notice sometime before May 4, 2006. In any event, he did not timely and specifically object on the basis of insufficiency of notice under Rule 245 as required. *See State Farm Fire & Casualty Co. v. Price,* 845 S.W.2d 427, 432 (Tex.App.–Amarillo 1992, writ dism'd by agreement) (stating that by "failing to timely and specifically object to the first setting on the basis of insufficiency of notice under rule 245, State Farm failed to preserve any error for our review"). As Collins notes, Tipton's request stated his awareness of the date of the hearing and asked the trial court to reschedule. He never objected to the sufficiency or the timeliness of the notice but only asked the court to reschedule the final hearing date until after the trial court had ruled on his motion for telephonic appearance. No appellate complaint about the sufficiency or timeliness of his notice of the trial date has been preserved for our review. Tex. R. App. P. 33.1. We overrule Tipton's first point of error.

*Tipton's Motions Before the Trial Court*

In his second point of error, Tipton asserts the trial court erred by failing to rule explicitly on a number of pleadings requesting action by the trial court. Collins argues that Tipton failed to take any steps to bring any of these requests to the attention of the trial court and thus, it was not an abuse of discretion for the trial court to fail to take action.

We do not find in the record any indication that Tipton objected or otherwise raised this point before the trial court. To preserve a complaint for appellate review, a party must present a timely objection to the trial court, state the specific grounds for the objection, and obtain a ruling. Likewise, if the court refused to rule, the complaining party must have

4

objected to the refusal. Tex. R. App. P. 33.1(a). Therefore, Tipton has not preserved his complaint for appeal and we overrule his second point of error. Tex. R. App. P. 33.1(a).

*Entry of Default Judgment*

Via his third point of error, Tipton contends the trial court erred in entering a default judgment on May 23, 2006. Collins correctly points out that pursuant to Rule of Civil Procedure 324, one must set forth a point in a motion for new trial challenging the failure to set aside a judgment by default. Tex. R. Civ. P. 324; *Massey v. Columbia State Bank,* 35 S.W.3d 697, 699 (Tex.App.–Houston [1st Dist.] 2001, pet. denied). Because Tipton failed to file a Motion for New Trial, he has failed to preserve his complaint for our review. Tex. R. App. P. 33.1.

However, Tipton's appeal can also be regarded as a challenge to the factual sufficiency of the evidence supporting the trial court's default judgment. In a case tried to the court, the appealing party need not file a motion for new trial to preserve legal or factual sufficiency points on appeal. *See* Tex. R. Civ. P. 324(a), (b); *In re Marriage of Parker,* 20 S.W.3d 812, 816 (Tex.App.–Texarkana 2000, no pet.); *O'Farrill Avila v. Gonzalez*, 248 (Tex.App.–San Antonio 1998, pet. denied). Underlying Tipton's complaints on appeal is his contention that because he was unable to participate in the divorce proceedings, he was not able to bring forth evidence concerning the division of the marital property or evidence to support his claims regarding his entitlement to reimbursement. Thus, appellant argues, the court considered only Collins' evidence in reaching its judgment and in doing so, rendered a judgment based on insufficient evidence.

5

On the record before us, we cannot find the evidence insufficient to support the trial court's judgment. Trial courts have wide discretion in making a just and right division of marital property. Tex. Fam. Code Ann. § 7.001 (Vernon 2006). Appellate courts must indulge every reasonable presumption in favor of the trial court's proper exercise of discretion in dividing marital property. *Murff v. Murff,* 615 S.W.2d 696, 698 (Tex. 1981); *In re Marriage of Humble,* No. 07-06-0201-CV, 2008 WL 55111 (Tex.App.–Amarillo, Jan. 4, 2008, no pet.) (mem. op.). When an appellant challenges the trial court's order on legal or factual sufficiency grounds, we do not treat these as independent grounds of reversible error but, instead, consider them as factors relevant to our assessment of whether the trial court abused its discretion. *Zorilla v. Wahid,* 83 S.W.3d 247, 253 (Tex.App.–Corpus Christi 2002, no pet.); *Crawford v. Hope,* 898 S.W.2d 937, 940-41 (Tex.App.–Amarillo 1995, writ denied); *Thomas v. Thomas,* 895 S.W.2d 895, 898 (Tex.App.–Waco 1995, writ denied).

Here, Collins testified at the hearing. Her testimony, while brief, confirmed, among other things, the community and separate property of the parties. From the record before us, we cannot say the trial court's division of the marital property involved an abuse of discretion. Accordingly, we overrule Tipton's third point of error.

*Community Property*

Tipton's fourth point of error is unclear. Appellant first challenges the failure to include certain community property in the Proposed Mediation on Final Divorce Decree and argues that because of this failure, the mediation was not successful. We do not have the Proposed Mediation in the record before us and cannot consider Tipton's exhibits attached

6

to his brief. *See WorldPeace v. Commission for Lawyer Discipline,* 183 S.W.3d 451, 465, n.23 (Tex.App.–Houston [14th Dist.] 2005, no pet.).

We believe, however, appellant is actually complaining that the trial court failed to divide certain assets in the final decree and erred with regard to appellant's entitlement to reimbursement.[3] Appellant supports his argument with several documents attached to his brief. As noted previously, we cannot consider the attachments and can only act on the record before us. *See WorldPeace,* 183 S.W.3d at 465, n.23; *Cherqui v. Westheimer Street Festival Corp.,* 116 S.W.3d 337, 342, n.2 (Tex.App.–Houston [14th Dist.] 2003, no pet.) (noting that "we cannot consider documents attached as appendices to briefs and must consider a case based upon the record filed"). Tipton's fourth point of error presents nothing for us to review on appeal. We overrule Tipton's fourth point of error.

We affirm the trial court's entry of the Final Decree of Divorce.

James T. Campbell
Justice

---

[3] If this were the case, appellant's remedy lies in Section 9.203 of the Family Code. *See* Tex. Fam. Code Ann. § 9.203 (Vernon 2006).